IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KHARON TORCHEC DAVIS, ) | |
| AIS #268626 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:15-CV-913-MHT |
| ) | |
| DONALD VALENZA, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on an amended 28 U.S.C. § 2241 petition for habeas corpus relief filed by Kharon Torchec Davis ("Davis"). In this petition, Davis challenges his incarceration in the Houston County, Alabama jail on a charge for capital murder for which he was indicted on September 14, 2007. Because Davis has failed to exhaust his state remedies, the court recommends that this petition for habeas corpus relief be dismissed.

The respondents raised Davis' failure to exhaust his sate-court remedies in their answer to his petition, arguing that the delay in bringing this case to trial is not "based on anything for which the State of Alabama is responsible." Doc. 12 at 10. Specifically, the respondents maintain that Davis must present his request to dismiss his charges for a speedy-trial violation to the trial court and/or to the Alabama Court of Criminal Appeals before proceeding on the claims in this court. Doc. 12 at 11-12. Further, they argue that Davis' challenge to the constitutionality of the pending charge, his claim of ineffective assistance of trial counsel, and his argument that the State is foreclosed from prosecuting him due to the conviction of a co-defendant for felony

murder must all be exhausted in state court before Davis may receive federal habeas corpus relief. Doc. 12 at 12-19.

The respondents are correct that Davis has not exhausted his state remedies, and thus cannot proceed in this action. The state court records filed by the respondents establish that on January 12, 2016 the trial court issued orders allowing Davis initial trial counsel to withdraw and appointing new counsel to represent Davis. Doc. 12-7. The order granting the motions to withdraw contains a detailed recitation of the trial court's efforts to set the case for trial as early as January 11, 2010, along with the removal, withdrawal and appointment of various attorneys to represent Davis. Doc. 12-7. The order reads, in pertinent part, as follows:

> The defendant was arrested in the above styled cause on or about June 9, 2007.
> The defendant retained . . . Benjamin Meredith who entered his appearance on June 13, 2007 and simultaneously filed a request for a preliminary hearing and motion to set bond in the District Court. On July 9, 2007, the case was bound over to the Grand Jury for further action and the defendant's request for bond was denied.
> The defendant was indicted on the charge of capital murder and robbery first degree on September 14, 2007. The case was assigned to Circuit Court Judge Edward Jackson and set for arraignment on November 13, 2007. A plea of not guilty and waiver of arraignment was filed on November 9, 2007. Thereafter, the case action summary is devoid of any entry indicating the filing of any defense motions typically filed in a capital murder case.
> The case was set for trial on January 11, 2010. **At the request of defense counsel, the trial was continued and was to be reset on the March 2010 jury trial term**. [However, due to the retirement of the original judge assigned the case, the court did not set the case for the March 2010 term.]
> On June 25, 2010, Mr. Meredith filed a Motion to Withdraw as Retained Counsel and Motion to be Appointed as Appointed Counsel along with a Motion for Appointment of Co-Appointed Counsel, specifically the Honorable Allen Mitchell, and a supporting Affidavit of Substantial Hardship. In said motions, Mr. Meredith represented that the defendant agreed to his withdrawal as retained counsel and appointment as appointed counsel along with the appointment of Mr. Mitchell as co-counsel. On July 28, 2010, said motions were granted and . . . Benjamin Meredith was appointed as lead counsel and . . . Allen Mitchell was appointed as co-counsel.
> [Status conferences were held on August 23, 2010, October 26, 2011 and November 15, 2011.]

At the status conference on November 15, 2011, the Court discovered that Mr. Meredith had a conflict of interest; to wit: Frank Meredith, a former investigator with the Dothan Police Department and the son of defense counsel, . . . was involved in the investigation of the case and would be a witness for the State.  After the Court consulted with the Alabama State Bar, an order was entered on November 15, 2011 removing Mr. Meredith as lead counsel for the defendant.

. . . Derek Yarborough was appointed as lead counsel for the defense on December 8, 2011.  Mr. Yarborough agreed to assume the role as lead counsel but was already serving as lead counsel on another capital murder case assigned to a different court and requested that he be allowed to resolve or try that case first as he had been representing the defendant in that case longer and the trial judge wanted to set the case for trial.

A status conference was held on July 24, 2012 to determine the status of the case.  At the status conference, an order was entered tentatively setting the case for trial on April 8, 2013.

During the course of hearings on various motions filed by the defense, the Court discerned that the case would not be ready for trial by April 8, 2013; therefore, the Court did not set the case on the jury trial docket for April 8, 2013.

A status conference was held on November 26, 2013 to determine the status of the case.

Believing that the defense was nearing the conclusion of preparation for trial after hearings on various motions filed by the defense, the Court entered a Pretrial Order on April 10, 2015 setting the trial for August 3, 2015.

As the date of trial approached, **the defense counsel discovered new evidence which necessitated the employment of an expert to analyze the newly discovered evidence which could not be accomplished prior to the trial date of August 3, 2015.  Therefore, defense counsel requested a continuance on the record in open court on or about August 3, 2015 which was granted**.

The trial was reset on April 18, 2016.

On August 31, 2015, defendant filed a letter on his own behalf setting forth several issues that he had with Mr. Yarborough and Mr. Mitchell and requested their removal as his attorneys which the Court denied on September 1, 2015.

Thereafter, both Mr. Yarborough and Mr. Mitchell filed separate motions to withdraw.  A hearing was conducted *ex parte* on September 23, 2015 at which the defendant and his defense attorneys were present.  Defense counsel and the defendant informed the court on the record about the issues that had arisen between them.  The Court did not find that defense counsel were being deficient in their performance as the defendant believed and that no basis existed for granting the motions to withdraw.

Both Mr. Yarborough and Mr. Mitchell have again filed motions to withdraw on December 11, 2015 and December 2015 [sic] respectively **alleging further deterioration of the attorney client relationship to the point that they can no longer represent the defendant as a result of actions taken by the defendant and others which include posts to internet websites, articles in**

3

> **various print and online newspapers, and an interview with defendant's mother on a talk radio show**.  A hearing on the motions to withdraw was held on January 5, 2016.  At the January 5, 2016 hearing on the motions to withdraw, the Court informed [Davis] of the following: (i) That he has a trial date of April 18, 2016; (ii) That [his attorneys] could continue to represent him and the trial would be held on April 18, 2016; and (iii) That, if [his attorneys] are allowed to withdraw, new defense attorneys will be appointed to represent him and his trial will be continued and could possibly be delayed two to three years due to the possible need for new defense counsel to start from the beginning to represent him and that a new district attorney will be elected in 2016 . . . .
>
> At the January 5, 2016 hearing on the motions to withdraw, **[Davis] expressed a general distrust of [his attorneys] and dissatisfaction over the length of time that he has been incarcerated without a trial, and requested that [they] be allowed to withdraw despite the resulting additional delay in his trial.**
>
> Based on the foregoing, the motions to withdraw filed by Mr. Yarborough and Mr. Mitchell are hereby granted.  New defense counsel will be appointed by separate order.  The trial date of April 16, 2016 is continued generally and the trial will be reset at the appropriate time based on the preparedness of the defense and the State of Alabama for trial.

Doc. 12-7 at 3-4 (paragraph numbering omitted) (emphasis added).

In light of the arguments and evidence presented by the respondents, this court entered an order affording Davis an opportunity to demonstrate why his habeas corpus petition should not be dismissed for his failure to exhaust available state remedies. Doc. 13.  Davis responded that he did not file a writ of mandamus with the Alabama Court of Criminal Appeals because he had no knowledge of this avenue of relief, but did request that his prior counsel file a motion in the trial court. Doc. 18 at 1.  The docket in Davis' pending criminal case demonstrates that no motion for speedy trial has been filed with the trial court, nor has he presented his other claims for relief prior to the instant petition. *See* Doc. 12-1.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254—including exhaustion of state remedies—apply to" prisoners, like Davis, who challenge the validity of state court actions that

4

have resulted in their confinement. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "[E]ven though [Davis] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to §2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Id.* at 1302–03 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1059–62 (11th Cir. 2003)). As a result, this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires raising the right to relief "by any available procedure," 28 U.S.C. § 2254(c), including fairly presenting the alleged constitutional violations to the state's highest court for review. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The evidentiary materials filed in this case, including the state court record and Davis' response, establish that Davis has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition.[1] It is black-letter law that a petitioner must establish that there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights" before he may circumvent the exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). The record does not establish that Davis' state court remedies are unavailable or ineffective, only that he has not availed himself of these remedies. Consistent with the law, this court may not rule on the merits of Davis' claims without first requiring that he exhaust his state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). This is especially true in the pretrial context:

---

[1] In addition, with respect to Davis' assertion of a federal speedy-trial defense to the charge lodged against him, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to judgment of conviction by a state court." *Braden v. 30th Jud. Circ. Ct. of Kent.*, 410 U.S. 484, 489 (1973) (internal citation omitted).

Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

[The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941)) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.

For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Case No. 1:11-CV-841-TMH, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), *adopted at* No. 1:11-CV-841-TMH, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). This reasoning applies with equal force to the instant petition; Davis must exhaust his available state court remedies prior to seeking habeas relief in this court.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further ORDERED that on or before **March 29, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of March, 2016.

                                         /s/ Gray M. Borden
                                        UNITED STATES MAGISTRATE JUDGE